UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lisa Allen,<br><br>    Plaintiff,<br>v.<br><br>Sterling & King, Inc.; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: _____<br><br><br><br>COMPLAINT |

For this Complaint, the Plaintiff, Lisa Allen, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Lisa Allen ("Plaintiff"), is an adult individual residing in Philadelphia, PA, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

1

5. The Defendant, Sterling & King, Inc. ("Sterling & King"), is a business entity with an address of 500 State Road 436, Suite 2074, Casselberry, FL 32707 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Sterling & King and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Sterling & King at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation (the "Debt") in the amount of $300.00 for a payday loan to a creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Sterling & King for collection, or Sterling & King was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Sterling & King Engages in Harassment and Abusive Tactics

12. The Defendants are attempting to collect fees and interest on the Debt.

13. The Defendants call the Plaintiff approximately ten times per week.

14. The Defendants use rude and abusive language when speaking to the Plaintiff.

15. The Defendants call the Plaintiff at her place of employment.

16. The Plaintiff told the Defendants to stop calling her at work. The Defendants repeatedly ignored her request.

17. During telephone calls made to the Plaintiff's workplace, the Defendants shout at the Plaintiff's supervisor and coworkers.

18. The Defendants disclosed the Plaintiff's social security number and that the Plaintiff owed a debt to a third party.

19. The Defendants have threatened to arrest the Plaintiff if the Debt is not paid.

20. The Defendants have threatened garnishment of the Plaintiff's wages for nonpayment of the Debt.

21. The Defendants have not sent the Plaintiff any written correspondence notifying her of her rights under state and federal law.

22. The Defendants stated to the Plaintiff that nonpayment of the Debt is a criminal offense.

23. The Plaintiff has suffered actual damages as a result of the Defendants' illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, ET SEQ.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

27. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

28. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

29. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with imprisonment if the debt was not paid.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

34. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

35. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

36. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

37. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

38. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

39. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the debt had not been validated.

40. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

41. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, *ET SEQ.*

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The Plaintiff is a "consumer," as defined in 73 P.S. § 2270.3.

44. The Defendants are each individually a "debt collector" as defined in 73 P.S. § 2270.3.

45. The Defendants violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. that constitutes an unfair or deceptive practice under 73 P.S.§ 2270.4(a).

46. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

47. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

49. Pennsylvania further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Pennsylvania state law.

50. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls, and contacting third parties disclosing personal information.

51. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

52. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

53. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

54. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT IV

### VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, *ET SEQ.*

55. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The Defendants' violations of the Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

57. The Defendants' acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

58. As a result of the Defendants' violations, the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 2270.5 against the Defendants;

4. Statutory damages pursuant to 73 P.S. § 2270.5(c);

5. Actual damages pursuant to 73 P.S. § 201-9.2(a);

6. Statutory damages pursuant to 73 P.S. § 201-9.2(a);

7. Treble damages pursuant to 73 P.S. § 201-9.2(a);

8. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

9. Punitive damages; and

10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 4, 2010

        Respectfully submitted,

        By: /s/ Jody B. Burton

        Jody B. Burton, Esq.
        Bar No.: 71681
        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (877) 795-3666
        Attorneys for Plaintiff